# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 21, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JESSICA HARDING, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1580V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal; |
| AND HUMAN SERVICES, | * | Human Papillomavirus ("HPV") |
| | * | Wegener's Granulamatosis; |
| Respondent. | * | Significant Aggravation. |
| * * * * * * * * * * * * | | |

Mark T. Sadaka, Englewood, NJ, for petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ENTITLEMENT[1]

On October 20, 2017, Jessica Harding ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered the significant aggravation of Wegener's granulamatosis as a result of Gardasil (human papillomavirus, or "HPV") vaccinations she received on October 28, 2014, November 25, 2014, and February 25, 2015.

On August 20, 2018, petitioner fild a motion for a decision dismissing her claim. Petitioner's Motion (ECF No. 21). The motion provides that petitioner is aware that a decision by the special master dismissing the petitioner will result in a judgment against her and will end all of her rights in the Vaccine Program. Id. Petitioner intends to protect her rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. § 300aa-21(a)(2), petitioner intends to

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

elect to reject the Vaccine Program judgment and to file a civil action.  Id. at 2.  Respondent expressly reserves the right, pursuant to Section 15(e), to question the good faith and reasonable basis of petitioner's claim and to oppose, if appropriate, her application for costs.  Respondent does not otherwise oppose this motion.  This matter is now ripe for review.

Under the Vaccine Act, the Program may not award compensation solely based on a petitioner's own claims.  Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician.  § 13(a)(1).  The undersigned also notes that in his experience, significant aggravation claims can be particularly fact-intensive.  Such a claim involves obtaining considerable medical records.  It also involves comparing the petitioner's condition before and after the vaccination(s) at issue, and considering the possible course of the condition "but for" those vaccination(s).  This further illustrates the importance of obtaining medical records as well as a supportive opinion from a competent physician.  However, petitioner has not filed these materials.

In this case, there is insufficient evidence by way of either medical records or expert opinion to carry petitioner's burden of proof.  Petitioner's claim therefore cannot succeed and must be dismissed.  § 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
