# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 16, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JESSICA HARDING, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1580V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Mark T. Sadaka</u>, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
<u>Voris E. Johnson</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 27, 2019, Jessica Harding ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 37). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$5,205.90**.

I. **Procedural History**

On October 20, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered the significant aggravation of Wegener's granulamatosis as a result of Gardasil (human papillomavirus or "HPV") vaccinations she received on October 28, 2014, November 25, 2015, and February 25, 2015. Petition at 1 (ECF

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

No. 1). On August 20, 2018, Petitioner filed a motion for a decision dismissing her claim, and on August 21, 2018, I issued my decision dismissing the petition for insufficient proof. ECF No. 22. Petitioner filed a motion for attorneys' fees and costs on February 28, 2019, which was opposed by Respondent on March 8, 2018, arguing that Petitioner had failed to show there was a reasonable basis to proceed with the claim. On June 18, 2019, I issued my decision awarding attorneys' fees and costs and finding that Petitioner's claim did have a reasonable basis to proceed. Decision, ECF No. 30. Respondent filed a motion for review of the fees decision on July 15, 2019. After the matter was briefed by the parties, the assigned Court of Federal Claims judge denied Respondent's motion on December 9, 2019.

On December 27, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Mark Sadaka, in the total amount of $5,205.90, representing $5,205.90 in attorneys' fees and $0.00 in costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. Respondent reacted to the fees motion on January 9, 2020, stating that "Respondent acknowledge that the Court has determined that the statutory requirements for an award of attorneys' fees and costs are met in this case" and "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs for petitioner's response to the motion for review." Response at 2, 4 (ECF No. 41). Petitioner filed a reply on February 13, 2020, reiterating her belief that the requested amount of attorneys' fees was reasonable.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, I have previously determined that there was reasonable basis to file the petition, and counsel's efforts before the Court of Federal Claims responding to Respondent's motion for review are also reasonable. Accordingly, an award of attorneys' fees for that work is reasonable.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests compensation for her counsel, Mr. Mark Sadaka, at $405.00 per hour for work performed in 2019. This is consistent with what Mr. Sadaka has previously been awarded for his Vaccine Program work, and the undersigned finds it to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$5,205.90**.

### III.    Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $5,205.90 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$5,205.90** |
| | |
| Attorneys' Costs Requested | $0.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$0.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$5,205.90** |

**Accordingly, I award a lump sum in the amount of $5,205.90, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and her attorney, Mr. Mark Sadaka.**[3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> **/s/Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).